Filed 8/28/20  P. v. Peniaranda-Balderas  CA3
Opinion following transfer from Supreme Court

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C087085 |
| Plaintiff and Respondent, | (Super. Ct. No. 17CF06046) |
| v. | OPINION ON TRANSFER |
| ARTHUR KEITH PENIARANDA-BALDERAS, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Arthur Keith Peniaranda-Balderas filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  We shall conditionally reverse the judgment and remand for further proceedings under Penal Code section 1001.36; unless otherwise stated, statutory section

1

references that follow are to the Penal Code. In all other respects, we shall affirm the judgment.

We provide the following brief description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

Defendant entered the victims' home through an unlocked door while they were asleep inside. He stole the victims' keys and electronics and then used the keys to steal their car. He was later stopped by law enforcement for his erratic driving and claimed he stole the car because he needed money.

The People charged defendant with first degree burglary, alleging people were present at the time of the burglary. (§§ 459, 667.5, subd. (c).) The People also alleged defendant was previously convicted of two strike offenses. (§§ 667, subd. (d), 1170.12, subd. (b).) Defendant pleaded no contest to burglary, admitted a person was present during the burglary, and admitted to a prior strike conviction.

In exchange for defendant's plea, the People moved the court to strike the allegation that defendant was convicted of a second strike offense. The court granted the People's motion. The trial court subsequently sentenced defendant to the upper term of six years in state prison, doubled for the prior strike offense. (§ 461, subd. (a) [first degree burglary punishable by two, four, or six years in state prison].)

The court also resentenced defendant for his conviction in Tehama County Superior Court case No. 17CR001625: two years for receiving stolen property (§ 496d, subd. (a)), and two additional years for enhancement allegations under section 667.5, subdivision (b). The court ordered those to be served concurrent to defendant's 12-year prison sentence in the current case.

The court then ordered defendant to pay the following fines and fees: a $300 restitution fine (§ 1202.4); a $300 parole revocation fine, which was stayed (§ 1202.45); a

2

discretionary section 672 fine totaling $200; a $40 court surcharge (§ 1465.7); a $100 construction fund fee (Gov. Code, § 70372, subd. (a)); a state penalty assessment totaling $200 (§ 1464); a DNA identification fee totaling $20 (Gov. Code, § 76104.6); a $140 county penalty assessment (§ Gov. Code, § 76000); a theft fine totaling $39 (§ 1202.5); a court operations assessment of $40 (§ 1465.8); a conviction assessment totaling $30 (Gov. Code, § 70373); and victim restitution in an amount to be determined later. The trial court also re-imposed those fines and fees previously imposed in case No. 17CR001625.

Defendant timely appealed; he did not obtain a certificate of probable cause.

## DISCUSSION

Appointed counsel filed an opening brief that sets forth the facts of the case and asks us to determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Counsel advised defendant of the right to file a supplemental brief within 30 days of the date the People filed their opening brief. More than 30 days elapsed, and we received no communication from defendant. We examined the entire record and found no arguable error that would result in a disposition more favorable to defendant. We filed our earlier opinion accordingly.

Defendant then petitioned for rehearing and asked to submit supplemental briefing on the issues recently addressed in *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), and those raised by the amendments to section 1001.36 and mental health diversion programs. We granted defendant's petition.

On, March 24, 2020, we filed our opinion on rehearing, affirming the judgment. The Supreme Court subsequently granted defendant's petition for review, directed us to vacate our decision on rehearing, and further directed us to reconsider defendant's section 1001.36 claims in light of its recent decision in *People v. Frahs* (2020) 9 Cal.5th 618 (*Frahs*). We reconsider those claims here.

3

# I

## *Fines and Fees*

In his supplemental brief, defendant claims that pursuant to the holding in *Dueñas*, *supra*, 30 Cal.App.5th at pages 1168, 1172, the portion of the trial court order directing defendant to pay fines and fees should be stayed pending a hearing on his ability to pay.

In *Dueñas*, after numerous citations and convictions related to driving without a license resulted in significant fines and fees the defendant could not pay, Dueñas requested a hearing to determine her ability to pay those costs. (*Dueñas, supra,* 30 Cal.App.5th at pp. 1160-1163.) Following the statutory language, the trial court ruled that the assessments were mandatory and that Dueñas had not shown the " 'compelling and extraordinary reasons' " required to waive the restitution fine. (*Id.* at p. 1163.)

The Court of Appeal reversed, holding that due process prohibits a trial court from imposing court assessments under section 1465.8 and Government Code section 70373, and requires the trial court to stay execution of any restitution fines, until it ascertains the defendant's ability to pay those assessments and fines. (*Dueñas, supra,* 30 Cal.App.5th at p. 1164.) To support this conclusion, *Dueñas* relied on two lines of due process precedent. First, it cited authorities addressing access to courts and waiving court costs for indigent civil litigants. Second, it relied on due process and equal protection authorities that prohibit incarceration based on a defendant's indigence and inability to pay a fine or fee. (*Id.* at pp. 1165-1166, 1168.) The court also concluded that imposing costs on indigent defendants "blamelessly" unable to pay them transformed a "funding mechanism for the courts into additional punishment." (*Id.* at p. 1168.)

The appellate court in *People v. Hicks* (2019) 40 Cal.App.5th 320 (*Hicks*), review granted November 26, 2019, S258946, rejected *Dueñas*'s reasoning, under both lines of due process authority. Although review has been granted in *Hicks*, we may still consider it as persuasive authority. (Cal. Rules of Court, rule 8.1115(e)(1).)

*Hicks* first observed that imposition of fees after a determination of guilt, does not deny a criminal defendant's access to the courts, and does not interfere with a defendant's right to present a defense or challenge a trial court's rulings on appeal. (*Hicks, supra,* 40 Cal.App.5th at p. 326, review granted.) Second, *Hicks* noted *imposition* of fees, without more, does not result in incarceration for nonpayment of fines and fees due to indigence; thus, it does not infringe on that fundamental liberty interest. (*Ibid.*, review granted.)

*Hicks* went on to conclude that *Dueñas*'s expansion of these due process "foundational pillars" was an incorrect interpretation of due process foundations because it was inconsistent with the principles announced by our Supreme Court and the United States Supreme Court, that imposition of fines and assessments on indigent defendants is not prohibited because the State has a fundamental interest in punishing those who violate the criminal law, and not conferring immunity for such punishment on indigent defendants. (*Hicks, supra,* 40 Cal.App.5th at pp. 327-328, review granted.) In addition, *Dueñas*'s ruling was inconsistent with the purposes and operation of probation by relieving an indigent defendant of any duty to make an effort to repay their debt to society, and giving defendants a significant period of time in which to repay these financial obligations. (*Ibid.*, review granted.)

We find the reasoning in *Hicks* well-founded and persuasive and reject the holding in *Dueñas*. We thus conclude the imposition of fines, fees, and assessments on an indigent defendant does not violate due process and there is no requirement the trial court conduct an ability to pay hearing prior to imposing these fines, fees, and assessments.

II

*Mental Health Diversion Program, Section 1001.36*

On March 1, 2018, defendant pleaded no contest to first degree burglary in violation of section 459 and admitted an allegation that there was a person or persons

5

present in the building which he burglarized. He also admitted he had been convicted of a felony that qualified as a strike within the meaning of sections 667, subdivision (d) and 1170.12, subdivision (b). On March 29, 2018, the trial court sentenced defendant according to the terms of his plea agreement.

In his supplemental brief, defendant also contends he should have the benefit of section 1001.36 effective June 27, 2018. Defendant asks us to remand the matter so the trial court can determine whether he is eligible for "pretrial diversion" due to a specified mental disorder under the recently enacted section 1001.36, which he argues is retroactive as to all cases not yet final. Our Supreme Court recently resolved a conflict in the opinions of the Courts of Appeal as to whether a defendant could have the benefit of "pretrial diversion," as set forth in section 1001.36, post-trial and has decided this issue in defendant's favor. (*Frahs, supra*, 9 Cal.5th 618.) Following *Frahs* as we must, we will conditionally reverse the judgment here with directions for the trial court to consider defendant's eligibility for mental health diversion under section 1001.36. We express no view as to whether defendant will be able to show eligibility on remand or whether the trial court should exercise its discretion to grant diversion if it finds defendant eligible.

## DISPOSITION

The judgment is conditionally reversed. The matter is remanded to the trial court with directions to hold a diversion eligibility hearing under section 1001.36. If the trial court finds defendant eligible under that statute, the court may grant diversion. If defendant then satisfactorily performs in diversion, the trial court shall dismiss the charges. (§ 1001.36, subd. (e).) If, however, the trial court does not grant diversion, or the court grants diversion but defendant fails to satisfactorily complete it (§ 1001.36,

6

subd. (d)), then the court shall reinstate defendant's convictions and conduct further sentencing proceedings as appropriate.  In all other respects, the judgment is affirmed.

_____
HULL, J.

We concur:

_____
BLEASE, Acting P. J.

_____
DUARTE, J.